IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RICHARD N. BELL,              )
          Plaintiff        )
                           )
v.                         )     Case No. 1:16-cv-01174-TWP-MPB
                           )
CARMEN COMMERCIAL REAL     )
ESTATE SERVICES, INC.        )
          Defendant.     )

**MOTION FOR LEAVE TO FILE**
**SECOND MOTION FOR SUMMARY JUDGMENT AND**
**AMENDED ANSWER TO ASSERT ESTOPPEL DEFENSES**

**I.      MOTION.**

Defendant CARMEN COMMERCIAL REAL ESTATE SERVICES, INC. ("Carmen")

moves the court for leave to file:

(a) the *Amended Answer* attached as Exhibit 16 that plead defenses of estoppel and

judicial estoppel; and

(b) a Second Motion for Summary Judgment attached as Exhibit 17 on the issue of

ownership of Bell's copyrights.  Carmen believes this *Motion* will be dispositive of this case (and

perhaps others).

**II.     INTRODUCTION.**

In 2017, this court found that Bell wrongly withheld numerous copyright "ownership"

documents,[1] and re-opened discovery.[2]  As it turns out, the withheld documents were just the tip

of the iceberg -- we now know why Bell had so tightly-guarded them.  Further discovery has

---

[1] Order, [#56], p. 14.
[2] Order [#60].

1

now revealed an astounding fact – that Bell has *repeatedly denied owning the copyright he now claims to own.*

Bell was divorced in 2010.  During his divorce, he was required to file two sworn financial declarations listing all his assets, but *neither* declaration listed the copyright he now claims to own.  As a result, the divorce court divided the marital assets, but failed to address any copyrights.

Failing to disclose an asset in a divorce (or bankruptcy) and then later claiming to own it is a classic case of "fraud on the court" that triggers "judicial estoppel."  Through this doctrine, Bell is barred from claiming ownership of the copyright.  Moreover, the doctrine applies *even if* Bell attempts to create an "issue of fact" by now claiming that he owns a copyright.   In essence, judicial estoppel trumps Bell's expected claim of copyright ownership that he will make in response this *Motion* and the proposed *Second Motion for Summary Judgment*.

Bell's ex-wife told the undersigned that she has not received any portion of the hundreds of thousands of dollars in license fees, settlements or judgments that Bell has received from his copyright infringement efforts.  Whether she may be entitled to a share is an issue for another day and another court.

**III.    JUDICIAL ESTOPPEL PREVENTS BELL FROM CLAIMING OWNERSHIP BECAUSE HE DID NOT DISCLOSE THE ASSET IN HIS DIVORCE.**

After finding that Bell had withheld numerous documents relevant to ownership during discovery, this Court reopened discovery.[3]   This led to a treasure trove of documents that cry out for the application of "judicial estoppel" on the issue of Bell's ownership of  the copyright at issue.  Most importantly, Bell claims to have owned the copyright to the "Indianapolis Photo" since he allegedly took it in 2000.  However, Bell went through a divorce from 2008-2011.  For

---

[3] *See* [Dkt. #60](Dkt. #60).

that divorce, he filed two *Verified Financial Declarations*, in March and November 2009.  In

March 2009, he did not claim ownership of any copyrights:[4]

| J. OTHER ASSETS Include any type of assets having value, including jewelry, personal property, assets located in safety deposit boxes, accrued bonuses, etc. | | | | | |
|---|---|---|---|---|---|
| 35 Pontoon boat (Fisher, 18 foot) | TBD | | | | |
| 36.Loan from Ali Bell (daughter) | 50,000 | | | | |
| 37.World Points | TBD | | | | |
| 38. | | | | | |
| 39. | | | | | |
| 40. | | | | | |
| 41. | | | | | |

When he filed an updated Declaration in November 2009, he included additional assets,

but he still did not claim ownership of any copyrights:[5]

| J. OTHER ASSETS Include any type of assets having value, including jewelry, personal property, assets located in safety deposit boxes, accrued bonuses, etc. | | | | | |
|---|---|---|---|---|---|
| 35 Pontoon boat (Fisher, 18 foot) | 4,7 | | 4,750 | x | |
| 36. Loan from Ali Bell (daughter) | 50,000 | | | | |
| 37. World Points | TBD | | | | |
| 38. 2009 Federal tax due 4-15-08 (paid by H post-filing) | 17,584 | | (17,584) | X | |
| 39. 2009 State tax due 4-15-08 (paid by H post-filing) | 3,389 | | (3,389) | x | |
| 40.  2008 Kentucky tax refund | 272 | | | | |
| 41. 2008 tax loss carry forward | | | | | |
|    Value to W = $0 | | | | | |
|    Value to H = $10,000 | | | | | |

He made these statements under oath:[6]

I affirm under penalty of perjury that the foregoing, including any attachments, is true and correct, that this declaration was executed on the _25th_ day of _March_, 20_09_. I understand that I am under a duty to supplement or amend this Financial Declaration prior to trial if I learn the information provided is incorrect or the information provided is no longer true.

Signature: _Rickd Bell_

Printed Name: _Richard W. Bell_

---

[4] Exhibit 3, attached to the proposed Second Motion for Summary Judgment

[5] Exhibit 4, attached to the proposed Second Motion for Summary Judgment.

[6] Exhibit 3, attached to the proposed Second Motion for Summary Judgment; *see also* Exhibit 4, p. 4, also attached.

When asked if he submitted the *Financial Declaration* to the Court with the intent that the Court would rely upon it, Bell testified "Yes."[7]

These statements were wrong because Bell *knew* he had an asset in the "Photo." He testified that sold Community Hospital a license to use the "Photo" in "2004 or 2005" – before the divorce.[8]

## IV.   A SECOND SUMMARY JUDGMENT IS NECESSARY TO PREVENT MANIFEST INJUSTICE.

As established in Carmen's proposed *Second Motion for Summary Judgment*, (Exhibit 17) judicial estoppel precludes Bell's claim of copyright ownership because he took an inconsistent position in this litigation (i.e. that he owns the copyright to the "Photo") despite failing to disclose any copyright admitting twice in his divorce, not once, but twice.[9]  He then pursued over 200 lawsuits for infringement of this copyright that he had just failed to disclose.[10]

A successive summary judgment motion is particularly appropriate "1) when the controlling law has changed; 2) when new evidence has been discovered; and 3) when allowing such a motion would be necessary to correct a clear error or prevent a manifest injustice."[11]

Here, the should Court allow Carmen to file a second motion for summary judgment because it is necessary to prevent a manifest injustice as the newly discovered evidence goes straight to the heart of Carmen's defense (and all other defendants in Bell's cases) against Bell's copyright infringement claim.  If this Court rules that Bell is judicially estopped from claiming to own the copyright to the "Photo," then Bell has no right to sue Carmen for infringement.  Nor

---

[7] Exhibit 6, Bell's Deposition, p. 153:6 to 154:5, attached to the proposed Second Motion for Summary Judgment.

[8] Exhibit 2, Deposition of R. Bell in Cause No. 1:16-cv-01193-RLY-DML, 96:13-23, attached to the proposed Second Motion for Summary Judgment. .

[9] *See* Exhibits 3 and 4, attached to the proposed Second Motion for Summary Judgment.

[10] Exhibit 10, Indianapolis Star Article, p. 1.

[11] *Gordon v. Veneman*, 61 F. A'ppx 296, 298 (7th Cir. 2003); (*citing Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995).

would he have any right to sue any other party for infringement of the "Indianapolis Photo." Such a ruling would stop Bell's litigation campaign dead in its tracks.  Carmen also notes that another Court in the Southern District of Indiana *stayed* an upcoming trial in another Bell case, pending the outcome of a trial in which Bell's ownership of the copyright will be tested.[12]

This Court already found that Bell withheld ownership documents during discovery.  Had he not done so, the issue of ownership could have been raised in the first summary judgment motion.  Bell's wrongful withholding of ownership documents should not preclude Carmen from challenging Bell's ownership of the copyright.

## V.   THE COURT SHOULD PERMIT CARMEN TO AMEND ITS ANSWER TO ASSERT AN ESTOPPEL DEFENSE.

Carmen notes that FRCP 9(c)(1)  lists "estoppel" (though not "judicial estoppel") as one of the "defenses" that must be affirmatively pleaded.  However, the law is murky as to whether one must plead *judicial* estoppel.[13]  In order to avoid an argument by Bell that Carmen should

---

[12] *See Bell v. Schulle*, 1:17-cv-04222-WTL-MPB, Dkt. 28 (April 5, 2018).

[13] *Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp*., 910 F.2d 1540 (7th Cir. 1990) ("The second potential difference between the disposition of the federal securities claims and the state fraud claim lies in the doctrine of judicial estoppel. We applied federal law of estoppel to the claims based on federal substantive law, because 28 U.S.C. Sec. 1738 does not apply. Section 1738 requires a federal court to give a state judgment the same effect it would have in state court. Judicial estoppel is not part of the law of judgments in Illinois so much as it is a rule of evidence or pleading.   But what of the state claim? The Rules of Decision Act, 28 U.S.C. Sec. 1652, requires federal courts to apply "[t]he laws of the several states ... as rules of decision in civil actions" to the extent no federal statute or rule governs. Does this require us to apply Illinois rules of judicial estoppel to the common law claim, on the ground that it is substantive, or do we treat judicial estoppel as wholly a matter of procedure, to be governed by the law of the court in which the case is pending? Several circuits have assumed that Erie requires application of the state rule.  If the question "is judicial estoppel a rule of decision?" had been put to the drafters of the Rules of Decision Act in 1789, they would have answered: "No, it is a mode of process." *See* Paul M. Bator, Paul J. Mishkin, Daniel J. Meltzer, & David L. Shapiro, Hart & Wechsler's The Federal Courts and the Federal System 755 (1988). Federal courts then may apply their own procedural rules. The Supreme Court, though, has expanded Sec. 1652 beyond the understanding of 1789, treating as rules of decision those procedural rules that are "outcome determinative". Byrd, 356 U.S. at 536-37, 78 S. Ct. at 900. This expansion

have pleaded "estoppel" in order for it to argue that "judicial estoppel" applies in this case, Carmen seeks leave to file an *Amended Answer* to add the defenses of "judicial estoppel" and "estoppel."[14]  The proposed *Amended Answer* does not include any other changes, and leave to amend to make the same change was recently granted in *Bell* another case.[15]

Federal Rule of Civil Procedure 15 governs amendments to pleadings.  Per Rule 15, a party may amend its pleadings before trial with the opposing party's written consent or by leave of the court.[16]  "The court should freely give leave when justice so requires."[17]  The decision whether "to grant or deny a motion for leave to file an amended pleading is a matter purely within the sound discretion of the district court."[18]  As demonstrated, estoppel and judicial estoppel bar Bell's claim that he owns the copyright to the "Indianapolis Photo."  Here, justice requires that the Court permit Carmen to amend its answer to assert these defenses, to the extent necessary, especially because it was Bell's wrongful withholding of "ownership" documents that precluded Carmen from pleading this defense earlier.

**VI.   CONCLUSION.**

In light of this recently discovered evidence, Carmen requests leave to file the Second Motion for Summary Judgment (Exhibit 17).  Carmen also requests leave to assert the defense of

---

makes the choice between state and federal law hard for a doctrine such as judicial estoppel, a hybrid between substance and process that on occasion affects the outcome. **Mercifully, the parties have spared us the choice, by ignoring the potential effects of Erie. Both sides have treated judicial estoppel as a doctrine to be shaped by the court in which the case is pending**.") (citations omitted).

[14] *See*, Exhibit 16 proposed *Answer and Second Amended Affirmative Defenses*, at ¶¶ 8 and 9, p. 11.

[15] Bell v. Halcyon, Case No. 1:17-cv-04418-SEB-MJD (Dkt. 67).

[16] F.R.C.P. 15(a)(2).

[17] F.R.C.P. 15(a)(2).

[18] *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

estoppel, and to the extent necessary, "judicial estoppel," by the proposed Amended Answer

(Exhibit 16).

Respectfully submitted,

By:  ___ s/ Paul B. Overhauser
Paul B. Overhauser
April M. Jay
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-467-9100
poverhauser@overhauser.com
ajay@overhauser.com
Attorneys for Carmen Commercial Real Estate
Services, Inc.
© Overhauser Law Offices, LLC 2018

**EXHIBITS**

| | |
|---|---|
| 1 | **Chronological Case Summary, Cause No. 49012-0811-DR-053868** |
| 2 | **Deposition of R. Bell in Cause No. 1:16-cv-01193-RLY-DML** |
| 3 | **2008 Verified Financial Declaration** |
| 4 | **2009 Verified Financial Declaration** |
| 5 | **Bell's Divorce Decree** |
| 6 | **Deposition of R. Bell** |
| 7 | **West Publishing Group Agreement** |
| 8 | **Deposition of I. Levin in Cause No. 1:16-cv-01193-RLY-DML** |
| 9 | **Front Page of C&M Website** |
| 10 | **May 5, 2018 Indianapolis Star Article "Copyright infringement lawsuits make Indy skyline photo worth a lot more than 1,000 words"** |
| 11 | **Google Image Search results for "Indianapolis Skyline Canal"** |
| 12 | **Bell v. Bell – IN Ct. of Appeals Opinion.** |
| 13 | **Retroactive License Email** |
| 14 | **Compilation of Bell Demand Emails** |
| 15 | **Florida Dissolution of A1 Luxury Limousine of South Florida, Inc.** |
| 16 | **Proposed Amended Answer** |
| 17 | **Proposed Motion for Summary Judgment** |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/ Paul B. Overhauser
Paul B. Overhauser