UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16-cv-01174-JRS-MPB ) |
| CARMEN COMMERCIAL REAL ESTATE SERVICES, | ) ) ) ) |
| Defendant. | ) |

**Order on Defendant's Motion for Leave to File
Motion for Summary Judgment (ECF No. 95)**

Defendant Carmen Commercial Real Estate Services, Inc. seeks leave to file yet another motion for summary judgment—its third—and to vacate the final pretrial conference set for September 4 and the trial set for September 23. In its proposed motion for summary judgment, Defendant contends that an April 2019 settlement agreement between Plaintiff and the National Association of Realtors releases Defendant from Plaintiff's claims in this matter because the agreement released "the National Association of Realtors" and its "members . . . past, current and future . . . direct and indirect." (Agmt. 1, ECF No. 95-3.)

Having reviewed Defendant's proposed motion and supporting materials, the Court concludes that there remains at least one material factual dispute that would preclude summary judgment on Defendant's affirmative defense.[1] Specifically, it is not evident that Defendant, a corporation—as opposed to Defendant's president

---

[1] That affirmative defense appears to be accord and satisfaction, but the parties' briefs cite no legal authority identifying a defense or its elements.

1

Christopher Carmen, an individual—is a member of the National Association of Realtors. The term "realtor" typically refers to an individual, not a firm. *See Realtor*, Oxford English Dictionary Online ("A member of the National Association of Realtors . . . Hence: a real estate agent or broker"), https://www.oed.com/view/Entry/158954?redirectedFrom=realtor& (last visited August 27, 2019); Sinclair Lewis, BABBITT 157 (1922) ("Makes me tired the way these doctors and profs and preachers put on lugs about being 'professional men.' A good realtor has to have more knowledge and finesse than any of 'em! . . . First place, we ought to insist that folks call us 'realtors' and not 'real-estate men'. Sounds more like a reg'lar profession.").

Defendant's own evidence and argument are inconsistent on the point. Christopher Carmen swears that "Carmen" (apparently Defendant and not a third-person reference to Mr. Carmen himself) is a member of the National Association of Realtors. But he includes in his declaration correspondence from the Indiana Commercial Board of Realtors addressed to "Christopher":

> Dear Christopher,
>
> Thank you for joining our organization!

(Christopher Decl. ¶ 7, ECF No. 95-4.) And Defendant's argument likewise confuses Defendant with its president: "Because Carmen was and is a 'member' of NAR, *he* is included [in the scope of the settlement agreement]." (ECF No. 95-1 at 2) (emphasis added).

Accordingly, Defendant's proposed third motion for summary judgment would not resolve this matter, and Defendant's motion for leave to file (ECF No. 95) is **denied**.

This case remains set for final pretrial conference on September 4 and trial on September 23.

**SO ORDERED.**

Date: 8/28/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

April M. Jay
OVERHAUSER LAW OFFICES LLC
ajay@overhauser.com

Maura K. Kennedy
THE LAW OFFICE OF MAURA K. KENNEDY, LLC
attorneymaurakennedy@gmail.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com