IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Richard N. Bell, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:16-cv-01174-JRS-MPB |
| v. | ) | |
| | ) | |
| Carmen Commercial Real | ) | |
| Estate Services,  Inc. | ) | |
| Defendant. | ) | |

**Defendant Carmen Commercial Real Estate Services, Inc.'s
Amended Proposed Case-Specific Final Jury Instructions
and
Objections to Plaintiff Bell's Proposed Instructions**

Defendant Carmen Commercial  Real Estate Services, Inc.'s ("Carmen") hereby submits its

Proposed Case-Specific Jury Instructions 1-9.  Bell has not agreed to any of these instructions.  Carmen

believes that this includes all case-specific instructions required for this case.

Carmen provided these instructions to Bell and made numerous requests to meet and confer with

him to arrive at agreed instructions with alternatives and/or objections in a single document, per the

Court's Order [#120].  However, the parties were unable to meet and confer or agree on final

instructions, alternatives or objections in a single document.

At 4:35pm on September 29, 2019, the undersigned was copied on Bell's submission of proposed

instructions to the Courtroom Deputy.  Pages 12-32  replicate these instructions of Bell, and include

Carmen's objections.

**Defendant's Additional Instruction No. 1 – Copyright Ownership and Works Made for Hire**

Richard Bell owns a copyright in the Indianapolis Photo only if: (a) he created the Photo himself; and (b) he did not create it within the scope of his employment at Cohen & Malad. The burden is on Bell to prove ownership of the Photo by a preponderance of the evidence.

**Source: 7th Cir. Pattern Instruction 12.4.1 and 12.4.2**

**Defendant's Additional Instruction No. 2 – Innocent Infringement**

An infringement is innocent if defendant was not aware, and had no reason to believe, that his acts constituted an infringement of copyright. It is Carmen's burden to prove by a preponderance of the evidence that any infringement was innocent. One of the reasons you may find infringement to be innocent is if Bell failed to provide a proper notice of copyright on all copies of the Indianapolis Photo on a version seen by Carmen.

**Rationale.**  The verdict form should ask the jury to find whether any infringement by Carmen was "innocent."   A finding of "innocent" infringement is relevant to whether a minimum award of statutory damages may be reduced from $750 to $200 per 17 USC 504(c)(2). ("In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.").

**Defendant's Additional Instruction No. 3 – License**

Carmen asserts that if Bell owns the copyright to the Indianapolis Photo, that Bell gave Carmen a license to use the Indianapolis Photo. The burden is on Carmen to prove the existence of a license by a preponderance of the evidence. If Carmen satisfies this burden, or the existence of a license is uncontested, your verdict should be against Bell and in favor of Carmen.

**Rationale.**  This instruction explains that Carmen has the burden on his defense of license.

**Defendant's Additional Instruction No. 4 – Contracts may not be canceled unless it was based on a misrepresentation of the opposite party**

Bell claims that if Carmen Commercial had a license agreement, that Bell cancelled it.  A party to a license agreement may cancel it only if the opposite party made a misrepresentation that caused the party to enter into it.  If you find that Carmen had a license, the burden is on Bell to prove by a preponderance of the evidence that Carmen misrepresented the license agreement to Bell and that the misrepresentation caused Bell to enter into it.

**Source:** *Ball v. Versar, Inc.*, 454 F.Supp.2d 783, 807 (S.D. Ind. 2006); quoting *Mid-States Gen. Mech. Contracting Corp. v. Town of Goodland*, 811 N.E.2d 425, 435 (Ind.Ct.App. 2004).

**Defendant's Additional Instruction No. 5 – Ambiguities in Contracts must be construed against the drafter.**

If a license agreement is ambiguous, it must be interpreted against the party that drafted the agreement.  The parties disagree about the meaning of "perpetual" in the license agreement.  If you find that this word is ambiguous, you must interpret it against the party that drafted the license agreement.

*Source: Ind. Farmers Mut. Ins. Co. v. Weaver*, **Case 120 N.E.3d 280 (Ind. App., 2019).**

**Defendant's Additional Instruction No. 6 – Enforceability of Settlement Agreements**

Settlement agreements are enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute.  Once a party comes to an agreement, he is bound to its terms even if he later changes his mind.

*Glass v. Rock Island Ref. Corp.*, 788 F.2d 450, 454-455 (7th Cir. 1986) (internal quotations omitted) (applying Indiana law).

**Rationale.**  Carmen relies on a settlement agreement with National Association of Realtors to show that it was released by Bell.  This instruction explains that settlement agreements are enforceable.

**Defendant's Additional Instruction No. 7 – Release**

Carmen asserts that Bell released from the National Association of Realtors for any claims relating to the Indianapolis Photo, and that the release extends to:

all of the past, current and future members of the National Association of Realtors;

all of their respective directors, members, owners, officers, employees,

representatives and agents

in each case direct and indirect.

The burden is on Carmen to prove the existence of a release by a preponderance of the evidence. If you find that Bell granted such a release and that Carmen is covered by it, then your verdict should be against Bell and in favor of Carmen.

**Rationale.**  This instruction explains that Carmen has the burden on his defense of release.

**Defendant's Additional Instruction No. 8 – Defenses - Fair Use**

Carmen contends that even if he copied the Indianapolis Photo its copying is allowed under what the law calls "fair use." To succeed on this defense, Carmen must prove that he made fair use of the Indianapolis Phot for the purposes of comment or news reporting. In deciding this, you should consider the following:

- the purpose and character of Carmen's use, including whether its use is of a commercial nature or non-profit educational purpose;

- the degree of creativity involved in the Indianapolis Photo;

- whether the Indianapolis Photo was published or unpublished;

- the amount of Bell's registered work that Carmen copied, and the significance of the portion copied in relation to Bell's work as a whole; and

- how Carmen's use affected the value or potential market for Bell's work.

It is up to you to decide how much weight to give each factor.

**Source: 7th Cir. Pattern Instruction 12.7.1**

**Defendant's Additional Instruction No. 9 – Judicial Admission**

The evidence in this case shows that Plaintiff Richard Bell admitted to this Court that Christopher Carmen is a member of the National Association of Realtors.  This is a "judicial admission" and you must accept that admission as being true and established.

**Source: *Medcom Holding Co. v. Baxter*, 106 F.3d 1388, 1404 (7th Cir. 1997) ("Binding judicial admissions are 'any deliberate, clear and unequivocal statement, either written or oral, made in the course of judicial proceedings.'") (quoting In re *Lefkas Gen. Partners*, 153 B.R. 804 (N.D. Ill. 1993)). Judicial admissions such as these "are binding upon the party making them" and, instead of being evidence, "have the effect of withdrawing a fact from contention." *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (citations and quotation marks omitted).**

**Defendant's Additional Instruction No. 10 – Stipulations**

The parties have stipulated, or agreed, that Exhibit 77, Plaintiff Richard Bell's Financial Declaration dated March 25, 2009 is true and accurate.  You must accept this as proven.

The parties have stipulated, or agreed, that Christopher Carmen is a member of the National Association of Realtors.  You must accept this as proven.

**Source: 7th Cir. Pattern Instruction 2.05**

**Below are Plaintiff Bell's Instructions and Defendants' Objections**

## 12.1.1 COPYRIGHT — ALLEGATION DEFINED

Plaintiff claims that Defendant has infringed Plaintiff's copyright in Indianapolis

Skyline Photo by coping the Photo on the Website owned by the Defendant.

**Source: 7th Cir. Pattern Instruction 12.1.1**

**Plaintiff Carmen's Objections:**

    **Duplicative of the case summary / synopsis;**

    **Grammar should be corrected;**

    **Phrase "Plaintiff's copyright" improperly suggests that Plaintiff actually owns a copyright**

**in the Indianapolis Photo.**

## 12.2.1 COPYRIGHT INFRINGEMENT

To succeed on his claim, Plaintiff must prove the following things:

1. Indianapolis Skyline Photo is the subject of a valid copyright;

2. Plaintiff owns the copyright; and

3. Defendant copied protected expression in Plaintiff's copyrighted work.

I will explain what these terms mean.

If you find that Plaintiff has proved each of these things, then you must find for Plaintiff. However, if you find that Plaintiff did not prove each of these things, then you must find for Defendant.

## Committee Comments

**Source: 7th Cir. Pattern Instruction 12.2.1**

1.      Authority. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 548 (1985); Incredible Techs., Inc. v. Virtual Techs., Inc., 400 F.3d 1007, 1011 (7th Cir. 2005). Any elements that are undisputed may be eliminated.

2.      Caveat regarding element 1. It is not entirely clear in the Seventh Circuit whether the issue of validity is to be determined by a jury. For further discussion, see Instruction 3.1.

3.      Affirmative defenses. If Defendant has raised an affirmative defense, a court may substitute the following for the final paragraph of the instruction:

If you find that Plaintiff did not prove each of these things by a preponderance of the evidence, then you must find for Defendant.

If, on the other hand, you find that Plaintiff has proved each of these things by a preponderance of the evidence, you must then consider Defendant's claim that [describe

affirmative defense(s)]. If you find that Defendant has proved this by a preponderance of the evidence, then you must find for Defendant.

(Based on 7th Circuit Pattern Instruction No. 4.02, n.1.)

4.      Copied. If the infringement consists of something other than copying (i.e., publicly performing, publicly displaying, distributing copies of, preparing derivative works based upon), the instruction should be modified accordingly.

**Plaintiff Carmen's Objections:**

**"subject of a valid copyright;" should be changed to subject of a valid copyright registration;**

**This part is incorrect, as it omits consideration of Carmen's defenses:**

**"If you find that Plaintiff has proved each of these things, then you must find for Plaintiff. However, if you find that Plaintiff did not prove each of these things, then you must find for Defendant."**

### 12.3.1 VALIDITY

To be eligible for copyright protection, a work must be original and in a form that

can be seen, or reproduced, either directly or with the aid of a machine or device.

A work is original if it was created independently, as opposed to being copied from

another work. It must contain at least some minimal degree of creativity. The work

need not be completely new. You are instructed the Bell's Indianapolis Skyline

Photo is eligible for copyright protection.

Committee Comments

**Source: 7th Cir. Pattern Instruction 12.3.1**

1.      Caveat - issue of fact vs. issue of law. In Gaiman v. McFarlane, 360 F. 3d 644, 648 (7th Cir.
2004), the Seventh Circuit discussed whether "copyrightability" is an issue for the court or for the jury. It
noted a circuit split on the issue, identifying cases holding that copyrightability is a mixed question of
law and fact, and is thus for the jury, when it depends on originality, but that other cases, including its
earlier

decision in Pub'ns Int'l, Ltd. v. Meredith Corp., 88 F.3d 473, 478 (7th Cir. 1996),


hold that the question is always an issue of law. The court stated that "[w]hether


a particular work is copyrightable is fact-specific, which argues against treating the
question as one of law, but tugging the other way is the concern that property rights not be
placed at the mercy of the jury." Gaiman, 360 F.3d at 648-49. The court concluded that
though this was a "nice issue," the case did not provide an appropriate occasion for
reexamination of Publ'ns Int'l. Id. at 649. In Publ'ns Int'l, the court addressed whether
copyright law afforded protection to constituent recipes in a cookbook protected by a
compilation copyright. The court said that this

concerned "an interpretation of statutory law" and dealt with the matter accordingly.
Publ'ns Int'l, 88 F.3d at 478

It is unclear to the Committee whether the court in Publ'ns Int'l intended to make a definitive determination that copyrightability – or, as stated in the present instruction, copyright validity – is always a question of law. Because the matter is less than one hundred percent certain, the Committee has provided an instruction on copyright validity, with the caveat that this may not, in fact, be a matter to be determined by a jury.

1.      Requirements for valid copyright (paragraph 1 of instruction). See, e.g., JCW Investments, Inc. v. Novelty, Inc., 482 F.3d 910, 914 (7th Cir. 2007).

2.      Originality (paragraph 2 of instruction). See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345 (1991) ("Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."); Assessment Techs. of WI, LLC v. Wiredata, Inc., 350 F.3d 640, 640 (7th Cir. 2003) (A work "requires only enough originality to enable [it] to be

distinguished from similar works that are in the public domain."); Bucklew v. Hawkins, Ash, Baptie & Co., 329 F.3d 923, 929 (7th Cir. 2003) (When a work is based on earlier work in the public domain, "the only originality required for the new work to be copyrightable ... is enough expressive variation from public-domain or other existing works to enable the new work to be readily distinguished from its predecessors.").

**Plaintiff Carmen's Objections:**

**Unnecessary – copyrightability of a photo is undisputed.'**

**This sentence improperly suggests that Bell owns the "Indianapolis Skyline Photo," but it is Bell's burden to establish such ownership:**

You are instructed the Bell's Indianapolis Skyline Photo is eligible for copyright protection.

12.4.1 OWNERSHIP

Plaintiff owns a copyright in Indianapolis Skyline Photo if he created the work.

-

**Committee Comments**

**Source: 7th Cir. Pattern Instruction 12.4.1**

1. See generally 17 U.S.C. § 201(a) ("Copyright in a work protected under this title vests

initially in the author or authors of the work.

**Plaintiff Carmen's Objections:**

**Misstates the law as it fails to account for a "work made for hire."**

**Defendants' Instruction No. 1 properly addresses a work made for hire.**

### 12.5.1   COPYING

As I stated, Plaintiff must prove that Defendant copied protected expression in his work. You may infer that Defendant copied Plaintiff's work if Defendant had a reasonable opportunity to view it before creating his own work and the two works are so similar that a reasonable person would conclude Defendant took protected expression from Plaintiff's work.

**Committee Comments**

**Source: 7th Cir. Pattern Instruction 12.5.1**

1.      Usage. This instruction should be used only when the plaintiff seeks to prove copying inferentially. If the plaintiff offers only direct evidence of copying, then this instruction is unnecessary.

2.      Inference of copying from access plus substantial similarity. Incredible Techs., Inc. v. Virtual Techs., Inc., 400 F.3d 1007, 1011 (7th Cir. 2005).

3.      Striking similarity may permit inference of copying without proof of access. Ty, Inc. v. GMA Accessories, Inc., 132 F.3d 1167, 1170 (7th Cir. 1997); Bucklew v. Hawkins, Ash, Baptie & Co., LLP, 329 F.3d 923, 926 (7th Cir. 2003); Selle v. Gibb, 741 F.2d 896, 901 (7th Cir. 1984).

**Plaintiff Carmen's Objections:**

        **This instruction is unnecessary as copying is undisputed; only ownership and the affirmative defenses are at issue.**

**12.5.2 COPYING — DEFINITION OF "PROTECTED EXPRESSION** "Protected expression" means expression in Plaintiff's work that was created independently, involving some creativity.

Copyright law protects only original expression in the work. This includes the way that facts or ideas are expressed in the work. It does not include the facts and ideas themselves. For example, the idea or concept of a secret agent who saves the world from impending disaster is not protected by copyright; but a particular expression of that idea – such as a James Bond movie – may be protected by copyright.

## Committee Comments

### Source: 7th Cir. Pattern Instruction 12.5.2

1.      What copyright protects. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345, 348-49, 354-55 (1991); Pivot Point Int'l, Inc. v. Charlene Prods., Inc., 372 F.3d 913, 929 (7th Cir. 2004); JCW Investments, Inc. v. Novelty, Inc., 42 F.3d 910, 917 (7th Cir. 2007) (copyright does not protect facts or ideas, but only original expression); Mid America Title Co. v. Kirk, 59 F.3d 719, 720 (7th Cir. 1995) (amount of time and effort spent creating work is irrelevant to copyrightability). The bracketed language in the first paragraph is included to account both for cases in which the expression was created by the plaintiff and those in which the plaintiff has the rights to the material via assignment or otherwise. The example at the end of the second paragraph is provided for illustrative purposes and may be substituted with a different example depending on the type of work at issue in the case.

2.      Scènes à faire doctrine (standardized elements). See Incredible Techs., Inc. v. Virtual Techs., Inc., 400 F.3d 1007, 1011-12 (7th Cir. 2005); Atari, Inc. v. N. Amer. Philips Consumer Elecs. Corp., 672 F.2d 607, 616 (7th Cir. 1982).

3.      Unprotected elements: In some cases, the court will determine before or during trial that some aspects or elements of the plaintiff's work do not constitute protected expression. Protected expression does not include, for example, titles, names, short phrases, slogans, listings of ingredients, labels, formulas, or familiar symbols or designs. Such elements can be inserted into the place provided in the instruction.

4.      Unprotected material. See "Material not subject to copyright," 37 C.F.R. § 202.1 (2007). The Copyright Office Circular lists those works which, standing alone, would not be entitled to registration. Some works, such as words, phrases and slogans that generally are not copyrightable standing alone, may be protectable when included in a larger work. If the defendant is asserting that he only copied words, slogans or short phrases, the issue may not be whether the work is protectable, but whether the copying was de minimis and not infringing. See 2 M. Nimmer and D. Nimmer, Nimmer on Copyright § 8.01[G]. ("The legal maxim of de minimis non curat lex applies to copyright actions no less than to other branches of the law. Accordingly . . for similarity to be substantial, and hence actionable, it must apply to more than simply a de minimis fragment."). In such cases, the court should consider whether Use") adequately addresses the issue or whether an instruction that de minimis copying is not an infringement is appropriate.

5.      Useful articles / functional elements. See Incredible Techs., Inc. v. Virtual Techs., Inc., 400 F.3d 1007, 1012 (7th Cir. 2005); Pivot Point Int'l, Inc. v. Charlene Prods., Inc., 372 F.3d 913 (7th Cir. 2004); American Dental Ass'n v. Delta Dental Plans Ass'n, 126 F.3d 977 (7th Cir. 1997). Under the Copyright Act, "useful articles" are excluded from copyright protection. See Incredible Techs., 400 F.3d at 1012. A useful article is one that has "an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. The design of a useful article is copyrightable only to the extent that it "incorporates pictorial, graphic, or sculptural features that can be identified

separately from, and are capable of existing independently of, the utilitarian aspects of the article." Id. "Functional elements" or features of an item are excluded from copyright protection. See Incredible Techs., 400 F.3d at 1012.

**Plaintiff Carmen's Objections:**

This instruction is unnecessary as no issue of whether "protected expression" is raised in this case.

**11.2.14 WILLFUL INFRINGEMENT**

Plaintiff contends that Defendant infringed Plaintiff's copyright willfully. You are required to decide this issue because it may be relevant to other issues that I may have to consider. You are to consider the issue of willful infringement only if you have found that Defendant infringed Plaintiff's copyright. Not all copyright infringement is willful. The standard of proof for willful infringement is higher than the standard for infringement generally. Specifically, Plaintiff must prove willful infringement by clear and convincing evidence. "Clear and convincing" evidence means evidence that convinces you that it is highly probable that the particular proposition is true. You also may have heard of a burden of proof used in criminal cases called "beyond a reasonable doubt," which is a higher burden of proof than "clear and convincing" evidence. You should not apply the criminal standard in this case. To succeed on its contention that Defendant infringed the copyright willfully, Plaintiff must prove two things by clear and convincing evidence: 1. There was a high likelihood that Defendant's actions constituted infringement of a valid copyright. In making this determination, you may not consider Defendant's actual state of mind. You may consider the normal standards of fair commerce. 2. Defendant knew of the high likelihood that it was infringing a valid copyright, or this likelihood was so apparent that Defendant should have known of it.

**Committee Comment**

**Source: 7th Cir. Pattern Instruction 11.2.14 Willful Infringement for Patents**

Plaintiff has modified the Pattern Instruction 11.2.14 for Willful Infringement for Patents for Willful Copyright Infringement. See In re Seagate Technology, LLC., 497 F.3d 1360, 1370-72 (Fed. Cir.2007) (en banc) (standard for willfulness; reaffirming requirement of clear and convincing evidence). See also, Read Corp. v. Portec, Inc., 970 F.2d 816, 829 (Fed. Cir. 1992) (clear and convincing evidence required); Gustafson, Inc. v. Intersystems Indus. Prods., Inc., 897 F.2d 508, 510 (Fed. Cir. 1990) (same). The Committee notes that because Seagate is new, its requirements have not yet been applied extensively, and that the Federal Circuit expressly left for further determination how the new standard for willfulness should be applied in practice. The Committee has defined willful infringement solely in terms of what is commonly called recklessness, as discussed in Seagate. In some cases, there may be a legitimate argument that the defendant acted with actual knowledge, rather than in a reckless fashion. The Committee believes that the instruction is broad enough to encompass such cases but leaves it to the trial judge to determine whether, in a particular case, an "actual knowledge" instruction should be given in addition to the definition of recklessness. Some other pattern jury instructions provide lists of non-exclusive factors for the jury to consider in determining willfulness. See, e.g., Fed. Cir. Bar Ass'n Instruction 3.8. The Committee declined to include such a list, for several reasons: the factors are better left to attorney argument, leaving it to the jury to weigh them against the standard for willfulness; providing a non-exclusive list might mislead a jury to believe that other factors should not be considered; and the law of willful infringement post-Seagate remains somewhat in a state of flux.

**Plaintiff Carmen does not object to this instruction.**

## 12.8.1 DAMAGES — GENERAL

If you find that Plaintiff has proved that Defendant has infringed Plaintiff's copyright, then you must determine the amount of damages, if any, Plaintiff is entitled to recover. If you find that Plaintiff has failed to prove the claim, then you will not consider the question of damages.

Plaintiff has elected to recover an amount called "statutory damages." I will define these terms in the following instruction.

### Committee Comment

### Source: 7th Cir. Pattern Instruction 12.8.1

A prevailing plaintiff is entitled to recover his actual damages plus the defendant's profits, or "statutory" damages. See 17 U.S.C. § 504(a & b) (actual damages and profits); id. § 504(c) (statutory damages). Though plaintiffs typically elect between these two forms of recovery before the jury is instructed, the statute permits a plaintiff to elect statutory damages "at any time before final judgment is rendered." Id. § 504(c). The Plaintiff has elected to recovery statutory damages.

**Plaintiff Carmen's Objections:**
       **This instruction is improper as Plaintiff Bell has already elected statutory damages, which are determined by the court, not the jury. 17 USC 504 (c)(1)** ("(c)Statutory Damages.—
(1) Except as provided by clause (2) of this subsection, **the copyright owner may elect**, at any time before final judgment is rendered, to recover, instead of actual damages and profits, **an award of statutory damages** for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 **as the court considers just**.")

### 12.8.4 DAMAGES — STATUTORY DAMAGES

You may award as statutory damages an amount that you find to be fair under the circumstances. The amount must be between $750 and $30,000 for each copyrighted work that you found to be infringed.

In determining the appropriate amount to award, you may consider the following factors:

- the expenses that Defendant saved and the profits that he earned because of the infringement;

- the revenues that Plaintiff lost because of the infringement;

- the difficulty of proving Plaintiff's actual damages;

- the circumstances of the infringement;

- whether Defendant intentionally infringed Plaintiff's copyright; and

- deterrence of future infringement.

If Plaintiff proves that Defendant willfully infringed Plaintiff's copyright, then you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per copyrighted work. Infringement is considered willful if Plaintiff proves that Defendant knew that his actions constituted infringement of Plaintiff's copyright or acted with reckless disregard of Plaintiff's copyright.

If Defendant proves that he innocently infringed Plaintiff's copyright, then you may, but are not required to, reduce the statutory damage award to a sum as low as $200 per copyrighted work. Infringement is considered innocent if Defendant proves that

he did not know, and had no reason to know, that his acts constituted infringement. You may not find that Defendant was an innocent infringer if a notice of copyright appeared in the correct form and position on the published copies of Plaintiff's work

to which Defendant had access. A notice is in correct form if it includes the symbol © letter C in a circle); the word "Copyright"; the abbreviation "Copr.", the name of the copyright owner; an abbreviation by which the copyright owner's name can be recognized; a generally known designation of the copyright's owner; and the year of first publication of the work. A notice is in the correct position if it appears in a manner and location that gives reasonable notice of the claim of copyright.

## Committee Comments

### Source: 7th Cir. Pattern Instruction 12.8.4

1. Authority. Under 17 U.S.C. § 504(c), a plaintiff may obtain statutory damages in lieu of actual damages and profits. Even though the statute suggests that statutory damages are awarded by the court, the Seventh Amendment requires that the determination be made by the jury. See Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 353 (1998). The damages instructions includes only statutory damages, and not actual damages and profits.

2. Factors to be considered. F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952) (deterrence of future infringement); Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1229 (7th Cir. 1991) (difficulty or impossibility of proving actual damages; circumstances of infringement; efficacy of the damages as a deterrent to future infringement); N.A.S. Import Corp. v. Chenson Enters., Inc., 968 F.2d 250, 252 (2d Cir. 1992) (expenses saved and profits gained by infringer;

26

revenue lost by copyright holder; state of mind of infringer; citing 3 M. Nimmer &

D. Nimmer, Nimmer on Copyright § 14.04[B], at 14-41 (1991)).

3. Increase for willful infringement; decrease for innocent infringement. See Video Views, Inc. v. Studio 21, Ltd., 925 F.2d 1010, 1020 (7th Cir. 1991) (infringement is willful if infringer knew its conduct was an infringement or acted in reckless

disregard of copyright owner's right); 17 U.S.C. § 504(c)(2) (if infringer proves it was unaware and had no reason to believe its acts constituted copyright infringement, award may be reduced to $200). These paragraphs are bracketed because some cases may not involve claims of either willful or innocent infringement.

4. Unavailability of innocent infringement defense in certain cases. The final bracketed paragraph of the instruction describes a category of cases in which the defense of innocent infringement is unavailable. See 17 U.S.C. § 401.

a. "Proper form." Under section 401, for the notice to be in proper form, three requirements typically must be met – the proper symbol or word, the year of first publication, and identification of the copyright owner. The year of first publication may be omitted "where a pictorial, graphic, or sculptural work, with accompanying text matter, if any, is reproduced in or on greeting cards, postcards, stationery, jewelry, dolls, toys, or any useful articles," see id. § 401(b)(2), and for that reason this particular element is bracketed.

The symbol/word and identification requirements each may be met by one of several alternatives. Because only one such alternative is likely to apply in a particular case, the alternative methods of satisfying the exception are bracketed.

**Plaintiff Carmen's Objections:**
    **This instruction is improper as Plaintiff Bell has already elected statutory damages, which are determined by the court, not the jury. 17 USC 504 (c)(1)** ("(c)Statutory Damages.—
(1) Except as provided by clause (2) of this subsection, **the copyright owner may elect**, at any time before final judgment is rendered, to recover, instead of actual damages and profits, **an award of statutory damages** for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 **as the court considers just**.")

License

The evidence shows that Carmen paid $200.00 on May 12, 2016, to purchase a license to use the Indianapolis Photo. You are instructed that Bell's license agreement does not provide for retroactive authorization to use the Indianapolis Photo before May 12, 2016.

**Rationale.** This instruction explains that the Court has already found that Bell's license agreement does not provide for retroactive authorization to use the Indianapolis Photo before May 12, 2016. See ENTRY DENYING MOTION FOR SUMMARY JUDGMENT (Dkt. 56, Jan. 8, 2018, p.10)

**Plaintiff Carmen's Objections:**

**This instruction is improper and usurps the jury's duty to find the facts regarding the scope of the license. Moreover, it is untrue that the court "found that Bell's license agreement does not provide for retroactive authorization." The court essentially concluded that scope of the issue was a fact issue on which neither party was entitled to summary judgment.**

### Enforceability of Settlement Agreements

Settlement agreements are enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute. Once a party comes to an agreement, he is bound to its terms even if he later changes his mind.


**Rationale.** *Glass v. Rock Island Ref. Corp.*, 788 F.2d 450, 454-455 (7th Cir. 1986) (internal quotations omitted) (applying Indiana law).

Carmen relies on a settlement agreement with National Association of Realtors to show that it was released by Bell. This instruction explains that settlement agreements are enforceable


**Plaintiff Carmen does not object to this instruction.**
.

**Release**

Defendant asserts that Bell released from the National Association of Realtors and all of its past and current members of the National Association of Realtors for any claims relating to the Indianapolis Photo. The burden is on Defendant to prove the existence of a release and that CARMEN COMMERCIAL is a member of the National Association of Realtors that by a preponderance of the evidence. If you find that Bell granted such a release and that CARMEN COMMERCIAL is not a member of the National Association of Realtors, then your verdict should be against CARMEN COMMERCIAL and in favor of Bell. If you find that Bell granted such a release and that CARMEN COMMERCIAL is a member of the National Association of Realtors, then your verdict should be against Bell and in favor of CARMEN COMMERCIAL.

**Rationale.** This instruction explains that CARMEN COMMERCIAL REAL ESTATE SERVICES, INC. has the burden on his defense of release.

**Plaintiff Carmen's Objections:**
   This misstates the scope of the release, which not limited to merely "past and current members of the National Association of Realtors"  The evidence will show that the release is much broader. Carmen's above Instruction No. 7 accurately describes the scope of the release.

Innocent Infringement

An infringement is innocent if defendant was not aware, and had no reason to believe, that his acts constituted an infringement of copyright. It is Carmen's burden to prove by a preponderance of the evidence that any infringement was innocent

**Rationale.** The verdict form should ask the jury to find whether any infringement by Carmen was "innocent." A finding of "innocent" infringement is relevant to whether a minimum award of statutory damages may be reduced from $750 to $200 per 17 USC 504(c)(2). ("In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.").

**Plaintiff Carmen's Objections:**
     **While this instruction is not erroneous, Carmen's proposed instruction No. 2 is preferable as it provides a more detailed application of the innocent infringement standard.**

**Joint- Fair Use**

Carmen contends that even if he copied the Indianapolis Photo its copying is allowed under what the law calls "fair use." To succeed on this defense, Carmen must prove that he made fair use of the Indianapolis Photo for the purposes of comment or news reporting. In deciding this, you should consider the following:

- the purpose and character of Carmen's use, including whether its use is of a commercial nature or non-profit educational purpose;

- the degree of creativity involved in Bell's work;

- whether Plaintiff's work was published or unpublished;

- the amount of Bell's registered work that Carmen copied, and the significance of the portion copied in relation to Bell's work as a whole; and

- how Carmen's use affected the value or potential market for Bell's work.

  It is up to you to decide how much weight to give each factor.


   **Source: 7th Cir. Pattern Instruction 12.7.1**

**Plaintiff Carmen's Objections:**
   **No objection – this is the same as Carmen's proposed instruction no. 8.**

Respectfully submitted,

s/Paul B. Overhauser
Paul B. Overhauser
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-467-9100
poverhauser@overhauser.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By:   s/Paul B. Overhauser
Paul B. Overhauser