IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-1174-JRS-MPB |
| | ) |
| CARMEN COMMERCIAL REAL | ) |
| ESTATE SERVICES, INC. | ) |
| | ) |
| Defendant. | ) |

**SECOND MOTION FOR A NEW TRIAL; ALTERING, AMENDING OR VACATING THIS JUDGMENT**

Comes now the Plaintiff and pursuant to Rule 59 makes this Second Motion for a New Trial; Altering, Amending or Vacating this Judgment, and in support of this Motion states as follows:

1. The Plaintiff files this Motion because the Court's August 25, 2020 Order (Dkt. 171), denying Plaintiff's Motion for a New Trial (Dkt. 141), did not address the sufficiency of evidence to support the "work-for-hire" defense.

2. To support the "work-for-hire" defense, there must be sufficient evidence to support the judgment. *Mathur v. Board of Trustees of Southern Illinois*, 207 F.3d 938, 941(7th Cir., 2000) ("[Seventh Circuit] review[s] the court's decision de novo and look to see whether there is sufficient evidence in the record to support the jury's damages award".) See also, *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1183 (7th Cir. 2002). ("Shank is just one of the many cases where [the 7th Circuit has] overturned a jury verdict because of insufficient evidence,

demonstrating that the Herculean burden of which we spoke does not protect plaintiff's lacking in evidence. *Shank v. Kelly–Springfield Tire Company*, 128 F.3d 474 (7th Cir.1997). See also, *Aungst v. Westinghouse Electric Corp.,* 937 F.2d 1216 (7th Cir.1991) (affirming district court's decision granting defendant judgment as a matter of law because plaintiff failed to present sufficient evidence of pretext to sustain jury verdict of age discrimination); *Massey v. Blue Cross–Blue Shield of Illinois,* 226 F.3d 922 (7th Cir.2000) (district court properly granted defendant judgment as a matter of law because plaintiff failed to present sufficient evidence that employer's legitimate nondiscriminatory reasons for her discharge—her poor writing skills and inability to investigate and follow through—were pretextual").

    3.    As the U.S. Supreme Court stated in *Gasperini, v. Center for Humanities, Inc.*, 518 U.S. 415, 433, 116 S.Ct. 2211, 2222, 135 L.Ed.2d 659 (1996):

> In keeping with the historic understanding, the Reexamination Clause does not inhibit the authority of trial judges to grant new trials "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. Rule Civ. Proc. 59(a). That authority is large. See 6A Moore's Federal Practice ¶ 59.05[2], pp. 59–44 to 59–46 (2d ed. 1996) ("The power of the English common law trial courts to grant a new trial for a variety of reasons with a view to the attainment of justice was well established prior to the establishment of our Government."); see also *Aetna Casualty & Surety Co. v. Yeatts*, 122 F.2d 350, 353 (C.A.4 1941) ("The exercise of [the trial court's power to set aside the jury's verdict and grant a new trial] is not in derogation of the right of trial by jury but is one of the historic safeguards of that right."); *Blunt v. Little*, 3 F.Cas. 760, 761–762 (No. 1,578) (C.C.Mass.1822) (Story, J.) ("[I]f it should clearly appear that the jury have committed a gross error, or have acted from improper motives, or have given damages excessive in relation to the person or the injury, it is as much the duty of the court to interfere, to prevent the wrong, as in any other case."). "The trial judge in the federal system," we have reaffirmed, "has ... discretion to grant a new trial if the verdict appears to [the judge] to be against the weight of the

evidence." *Byrd*, 356 U.S., at 540, 78 S.Ct., at 902. This discretion includes overturning verdicts for excessiveness and ordering a new trial without qualification or conditioned on the verdict winner's refusal to agree to a reduction (remittitur). See *Dimick v. Schiedt*, 293 U.S. 474, 486–487, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935) (recognizing that remittitur withstands Seventh Amendment attack but rejecting additur as unconstitutional).

4. After trial, on December 9, 2019, the Plaintiff, in support of his Motion for New Trial, filed a Memorandum (Dkt. 158) that showed there was no trial evidence supporting a "Work for Hire" defense to Bell's sole ownership of the Photo.

5. The "work for hire" doctrine is set forth in 17 U.S.C. § 101 and requires:

> (1) a work prepared by an employee within the scope of his or her employment;

6. The August 25, 2020 Order (Dkt. 171) did not address any evidence that supports that Bell prepared the subject Photo as "**an employee**".

7. Also, the Court did not address whether Bell took subject Photo "within Bell's scope of Employment" at Cohen & Malad.

8. Both elements are required.

9. The Court did not address any factors set forth in *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 751, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989).

10. Thus, the Plaintiff requests this Court address the *Reid* factors as Bell presented in the December 9, 2019 Memorandum (Dkt. 158).

11. As the Seventh Circuit stated in *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n.,* 805 F.2d 663, 667 (7th Cir., 1986) (emphasis added):

> A work made for hire is defined in pertinent part as a work prepared by an employee within the scope of his or her employment. Thus, an employer owns a copyright in a work if (1) the work satisfies the generally applicable requirements for copyrightability set forth in 17 U.S.C. § 102(a), (2) **the work was prepared by an employee,** (3) **the work was prepared within the scope of the employee's employment**, and (4) the parties have not expressly agreed otherwise in a signed, written instrument.

12. At trial, there is no evidence that Bell was an employee of Cohen & Malad when the subject photo was taken which is absolutely required by 17 U.S.C. § 101. This is a fatal blow to the "work for hire" defense. Again, the Court did not address this issue.

13. There is also no evidence in the trial record that Bell had within the scope of their employment responsibilities, was any photography duties to take the subject photo. The scope of a lawyer's employment is practicing law; not taking photographs.

14. The *Reid* Court established that a court must apply the general common law of agency to evaluate whether a particular work was "**prepared by an employee within the scope of employment**" for purposes of § 101. *Reid*, 490 U.S. at 740–41, 109 S.Ct. at 2172–73 (emphasis added).

Wherefore, the Plaintiff requests that Court approve the Second Motion for a New Trial; Altering, Amending or Vacating this Judgment because there is

4

insufficient evidence to support the Defendant's "work-for-hire" defense and for all other proper relief.

September 3, 2020

                                                    Respectfully submitted,

                                                   s/ Richard N. Bell
                                                   Richard N. Bell #2669-49
                                                   Bell Law Firm
                                                   8076 Talliho Drive
                                                   Indianapolis, IN 46256
                                                   (317) 690-2053 Cell
                                                   richbell@comcast.net
                                                   Attorney for Plaintiff

                                                 /s Maura K. Kennedy
                                                 Maura K. Kennedy #31745-49
                                                 The Law Office of Maura K. Kennedy
                                                 P.O. Box 55587
                                                 Indianapolis, IN 46205
                                                 Phone: (317) 370-8795
                                                 attorneymaurakennedy@gmail.com
                                                 Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2020 a copy of the foregoing was filed by operation of the Court's CM/ECF system. Notice of this filing has been filed on the following parties through the Court's CM/ECF system:

CM/ECF:

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
740 West Green Meadows Drive Suite 300
Greenfield, IN 46140
Email: poverhauser@overhauser.com
Attorneys for the Defendant

Melanie Ann Eich
OVERHAUSER LAW OFFICES LLC
740 West Green Meadows Drive
Suite 300
Greenfield, IN 46140
317-467-9100
Email: meich@overhauser.com

Maura K. Kennedy #31745-49
The Law Office of Maura K. Kennedy
P.O. Box 55587
Indianapolis, IN 46205
Phone: (317) 370-8795
attorneymaurakennedy@gmail.com
Attorney for Plaintiff


/s Richard N. Bell
Richard N. Bell #2669-49
Bell Law Firm
8076 Talliho Drive
Indianapolis, IN 46256
(317) 690-2053 Cell
richbell@comcast.net
Attorney for Plaintiff