| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE MARION SUPERIOR COURT |
| ) SS: | | CIVIL DIVISION 2 |
| COUNTY OF MARION ) | | CAUSE NO. 49D02-1903-PL-008733 |

Richard N. Bell,  )
    Plaintiff/Judgment Debtor  )
vs.  )    Case No.: 49D02-1903-PL-008733
  )
Vacuforce, LLC  )
    Defendant/ Judgment Creditor  )
  )    **F I L E D**
JP Morgan Chase Bank, National  )    August 31, 2020
Association,  )    CLERK OF THE COURT
a/k/a JP Morgan Chase Bank,  )    MARION COUNTY
    Garnishee Defendant  )    PH
  )
Wells Fargo Advisors Financial Network,  )
LLC  )
    Garnishee Defendant  )
  )
Wells Fargo Clearing Services, LLC  )
    Garnishee Defendant  )
  )
Stifel, Nicolaus & Company, Incorporated  )
    Garnishee Defendant  )
  )
Rich Bell Enterprises, LLC**,**  )
    Garnishee Defendant  )
  )
Residential Title Services, Inc.  )
    Garnishee Defendant  )
  )
BMO Harris National Bank  )
    Garnishee Defendant  )

### ORDER TO PLACE HOLD ON ALL ACCOUNTS FOR RICHARD N. BELL

The Judgment Creditor owns a judgment obtained in this court against the Plaintiff/Judgment Debtor **Richard N. Bell (the "Judgment Debtor")** entered on August 21, 2019, for the sum of $6,668.52.  Plaintiff/Judgment Debtor have not obtained (nor sought) a supersedes bond to obtain a stay of execution pursuant to Indiana Trial Rule 62(d).

The Court finding the Judgment Creditor previously complied with Ind. Code § 28-9-3-4, **GRANTS** the Judgment Creditor's *Motion to Place Hold on Judgment Debtor's Stifel, Nicolaus &*

*Company, Inc. Accounts*. In addition, the hold should also be applied to garnishee defendant Residential Title Services, Inc.

**It is ordered that Garnishee Defendants, Stifel, Nicolaus & Company, Incorporated and Residential Title Services. Inc. continue to place a hold on any deposit accounts or funds in which any Judgment Debtor, Richard N. Bell has an interest, either individually or jointly with another person or entity, or as a trustee for himself or any entity he owns, including but not limited to Rich Bell Enterprises, LLC.[1]**

---

[1] (d) An adverse claimant shall do all of the following:

(1) Provide the depository financial institution notice of garnishment proceedings, the unpaid amount of the judgment, and sufficient identifying information about the judgment defendant to enable the depository financial institution reasonably to verify the judgment defendant as the depositor.

(2) Serve or cause to be served upon the depository financial institution an order to answer interrogatories.

(3) If the judgment defendant is an individual, serve or cause to be served upon the depository financial institution a copy of a notice, or an apparently valid order containing a notice, issued by a court that is directed to the judgment defendant (which is to be used by the depository financial institution to comply with IC 28-9-4-2(a)(3) ) and that:

> (A) states that the adverse claimant has or may have served or caused to be served upon one (1) or more depository financial institutions notice that may result in the placing of a hold on deposit accounts maintained by the judgment defendant, either individually or jointly with another person, in such depository financial institutions;
>
> (B) states that under federal and state law certain funds are exempt from garnishment, including Social Security, Supplemental Security Income, veterans benefits, and certain disability pension benefits, and that there may be other exemptions from garnishment under federal or state law;
>
> (C) states that if the judgment defendant or another person who maintains a deposit account jointly with the judgment defendant believes that some or all of the funds in the deposit account on which a hold may have been placed are exempt, such person is entitled to a prompt hearing for the purpose of presenting evidence to establish exemptions and seeking removal of the hold;  and
>
> (D) has attached to it a preprinted detachable form that may be used by the judgment defendant or other person maintaining a deposit account jointly with the judgment defendant in requesting the prompt hearing specified in clause (C) and that generally instructs such person as to how the form should be used in requesting this hearing.

(4) Serve or cause to be served upon the depository financial institution an apparently valid order issued by a court that expressly directs the depository financial institution to place a hold on a deposit account identified in the order whenever the conditions under subdivisions (1) through (3) are met.

**Defendant Vacuforce, LLC shall serve this Order on the above Garnishee Defendants.**

Dated: **August 31, 2020**

_____
Judge   Magistrate
CD

Distribution to all parties by ECF.

---

(5) Pay to the depository financial institution five dollars ($5) for each judgment defendant identified by the adverse claimant under subdivision (1). This fee may not be assessed as a cost to the judgment defendant in the action.